J-S24007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELLONZO MEL BEY | : | |
| | : | |
| Appellant | : | No. 71 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002059-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELLONZO MEL BEY | : | |
| | : | |
| Appellant | : | No. 72 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002058-2018

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 16, 2022**

Appellant, Mellonzo Mel Bey, appeals *nunc pro tunc* from the Judgment of Sentence entered on August 8, 2019, in the Court of Common Pleas of Fayette County. After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

We derive the following factual and procedural history from the trial court opinion[1] and certified record. On October 6, 2015, and April 5, 2016, Pennsylvania State Trooper Matthew Gavrish coordinated for a confidential informant ("CI") to buy heroin from Appellant. Trooper Gavrish observed both sales. Based on these controlled buys, the Commonwealth arrested Appellant and charged him with Possession with Intent to Distribute ("PWID"), Possession of a Controlled Substance, and Possession of Drug Paraphernalia.[2]

Appellant's one-day jury trial occurred on August 6, 2019. The Commonwealth presented testimony from Trooper Gavrish and introduced into evidence the heroin purchased from Appellant and the related lab reports. At the conclusion of trial, the jury convicted Appellant of the above offenses. The court sentenced Appellant to an aggregate term of 21 to 42 months' incarceration. Following the reinstatement of his appeal rights *nunc pro tunc*, Appellant timely filed a Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether [the Commonwealth adduced] sufficient evidence to sustain [Appellant's] convictions for [PWID]; Possession; and Possession of Drug Paraphernalia[;]

---

[1] This appeal returns to us following our remand to the trial court for a Pa.R.A.P. 1925(a) Opinion addressing the merits of the issues raised in Appellant's Rule 1925(b) Statement.

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

2. Whether the court erred by allowing the arresting officer to give a legal definition of paraphernalia[; and]

3. Whether the Commonwealth violated Rule 600[.]

Appellant's Br. at 3 (unnecessary capitalization omitted).

In his first issue, Appellant purports to challenge the sufficiency of the Commonwealth's evidence to convict him of each of the above charges. *Id.* at 8-9. In a single-paragraph argument, Appellant alleges that Trooper Gavrish was "too far away" from the controlled buys for the jury to credit his testimony identifying Appellant as the person who sold heroin to the CI. *Id.* at 9. Appellant essentially requests that this Court usurp the jury's credibility determination to discredit Trooper Gavrish's testimony because of his distance from the sale.

Contrary to Appellant's assertion, his argument goes to the weight that the jury placed upon the Commonwealth's evidence, not its sufficiency. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (explaining that a challenge to the credibility of a witness's testimony goes to the weight of the evidence). To preserve a challenge to the weight of the evidence, the appellant must first raise the claim before the trial court. *Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013). "Failure to properly preserve the claim will result in waiver[.]" *Commonwealth v.*

*Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012). Here, Appellant did not raise a weight of the evidence claim in the trial court and, therefore, it is waived.[3]

In his second issue, Appellant asserts that the trial court erred by "allowing" Trooper Gavrish to testify to the definition of paraphernalia. Appellant's Br. at 10-11. At trial, Trooper Gavrish testified that "in this specific case the paraphernalia is the glassine bags and where it falls in this case is it's in the packaging, preparing, holding, containing the heroin in this case. It wasn't like you can give me a handful of heroin. So the bags themselves are considered paraphernalia." N.T. Trial, 8/6/19, at 29.

Critically, Appellant did not object to Trooper Gavrish's testimony at trial. It is axiomatic that "an appellant's failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." *Commonwealth v. Ramos*, 231 A.3d 955, 957 (Pa. Super. 2020) (citation and quotation marks omitted). *See also* Pa.R.E. 103(a) (providing party may only claim error regarding admission of evidence if he or she makes timely objection on record). As a result, this issue is waived.

_____

[3] Moreover, even if Appellant had presented a challenge to the sufficiency of the Commonwealth's evidence, we would find the issue waived for failure to specify in his Rule 1925(b) statement the elements the Commonwealth failed to prove by sufficient evidence. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009) (explaining that an appellant waives a sufficiency challenge for failure to specify in Rule 1925(b) statement for which elements the evidence was deficient).

In his final issue, Appellant alleges that the Commonwealth violated Pa.R.Crim.P. 600 by failing to bring him to trial within one year from the date that the Commonwealth filed the criminal complaint. Appellant's Br. at 12-18.

We review Rule 600 issues for an abuse of discretion. *Commonwealth v. Horne*, 89 A.3d 277, 283 (Pa. Super. 2014). Our scope of review is limited to the evidence on the record at the Rule 600 evidentiary hearing[4] and the findings of the trial court. *Id.* We view the facts in the light most favorable to the Commonwealth as the prevailing party. *Id.* Finally, "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." *Commonwealth v. Wendel*, 165 A.3d 952, 956 (Pa. Super. 2017) (citation omitted).

Rule 600 states, in relevant part, that "trial shall commence within . . . 365 days from the date on which the [criminal] complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). To determine whether dismissal is required for a violation of Rule 600, "a court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed." *Commonwealth v.*

_____

[4] Unfortunately, the notes of testimony for Appellant's Rule 600 hearing are not included in the certified record. It is the appellant's responsibility to supply this Court with a complete record for review. *Commonwealth v. Lesko*, 15 A.3d 345, 410 (Pa. 2011). *See* Pa.R.A.P. 1911(d) (permitting this Court to "take such action as it deems appropriate" where the appellant fails to ensure the transmission of a complete record). Since we are able to resolve Appellant's issue by reference to the trial court's opinion and the official trial court docket, we decline to find waiver.

*Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013). Thereafter, the court computes an adjusted Rule 600 run date by adding to the mechanical run date both excludable and excusable delay. *Id.* Excludable delay is delay caused by the defendant or his lawyer, while excusable delay encompasses a wide variety of situations where the postponement of trial was outside the Commonwealth's control. *Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013).

The Comment to Rule 600 explains that the time between the Commonwealth's filing of the complaint and the defendant's arrest can constitute excludable delay. Pa.R.Crim.P. 600, cmt. The Comment also explains that periods of delay created by a defendant's filing of motions can constitute excludable delay. *Id.*

In the instant case, the Commonwealth filed charges against Appellant on June 18, 2018. Appellant's mechanical run date, therefore, was June 18, 2019. The court issued a warrant for Appellant's arrest, and the police arrested Appellant on July 17, 2018. The court determined that the 29 intervening days constituted excludable delay. Trial Ct. Op., 2/4/22, at 6 (unpaginated). Additionally, trial was scheduled to begin in June 2019 but, on June 5, 2019, the court granted the Commonwealth's continuance motion based on the unavailability of Trooper Gavrish.[5] The next trial term began on July 8, 2019,

---

[5] The court did not exclude or excuse the delay caused by Trooper Gavrish's unavailability and, therefore, did not factor the delay into Appellant's adjusted run date. *See* Trial Ct. Op., 2/4/22, at 6-7.

but Appellant filed a Rule 600 Motion to Dismiss on that date.[6] On July 31, 2019, after holding a hearing, the court denied Appellant's motion. The court again determined that the intervening 23 days constituted excludable delay. *Id.* at 7.

Considering excludable time, Appellant's adjusted run date was August 9, 2019.[7] Trial in the instant case commenced on August 6, 2019. As a result, we discern no abuse of discretion in the trial court's determination that the Commonwealth complied with Rule 600.

In summary, Appellant waived his first two issues by failing to raise them in the trial court, and we discern no abuse of discretion in the trial court's determination that the Commonwealth complied with Rule 600.

Judgment of Sentence affirmed.

---

[6] The trial court found that the Commonwealth was prepared for trial as of July 8, 2019. *See* Trial Ct. Op., 7/31/19, at 2 (unpaginated).

[7] The court, in fact, determined that Appellant's adjusted run date was September 7, 2019, based on an additional 29 days of excludable time resulting from Appellant's filing of an additional motion to dismiss on January 22, 2019. Trial Ct. Op. at 6-7. We are unable to determine if this filing in fact delayed trial and, as a result, we have not included it in our calculation of Appellant's adjusted run date. *See* Pa.R.Crim.P. 600, cmt. (explaining that delay caused by a defendant's motions is excludable delay only where the motion causes delay in commencement of trial).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/16/2022