J-S20015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES ZANGENBERG | : | |
| | : | |
| Appellant | : | No. 2619 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000633-2012

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 14, 2023**

Appellant, Charles Zangenberg, appeals from the October 6, 2022 judgment of sentence of one to five years' incarceration entered in the Monroe County Court of Common Pleas after the court found him in violation of his probation. After careful review, we affirm.

**A.**

In June 2012, Appellant pleaded guilty to one count of Criminal Attempt—Involuntary Deviate Sexual Intercourse with a Person Under Age 16.[1]  In February 2013, following two defense continuances, the court sentenced Appellant to an aggregate term of one to two years, less one day,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a).

of incarceration followed by ten years' probation.[2]  Appellant's probation was subject to the standard rules of probation, including: Rule 3—to comply with all laws; Rule 4—to notify his probation officer within 72 hours of an arrest or citation; and Rule 16—to comply with all other conditions set by the court. One such condition prohibited Appellant from accessing the Internet.[3]

While on probation, Appellant received a citation for Harassment,[4] a summary offense, and pleaded guilty on June 4, 2021.  Appellant did not subsequently seek to withdraw his guilty plea and did not appeal from the judgment of sentence imposed for that conviction.

Appellant failed, however, to notify his probation officer, Keith Bellas, within 72 hours of the citation as required by the terms of his probation, although he did tell Officer Bellas "several weeks or maybe a month or two" later.[5]  N.T. Hr'g, 10/6/22, at 12.  Nevertheless, Officer Bellas did not initially file a VOP petition because Appellant was otherwise compliant.

On July 24, 2022, Appellant took a polygraph test as part of his sex offender treatment.  During the polygraph, Appellant admitted that he used a cell phone to access the Internet, searched for child pornography, and

---

[2] Appellant's probation began on February 11, 2015.

[3] Sentencing Order, entered 2/19/13.

[4] 18 Pa. C.S.A. § 2709.

[5] Officer Bellas did, however, receive a notification about the citation from the JNet online system shortly after Appellant received the citation.

destroyed his cell phone to hide his search history. At his next regularly scheduled probation appointment, Appellant admitted to Officer Bellas that he searched for child pornography.

On August 9, 2022, the Commonwealth filed a VOP petition alleging that Appellant violated several probation rules: (1) Rule 3 by pleading guilty to Harassment; (2) Rule 4 by failing to report the Harassment citation to probation, and (3) Rule 16 by failing to comply with the court's condition regarding internet usage. VOP Petition, filed 8/9/22, at ¶4 (a)-(c).

On October 6, 2022, the court held a VOP hearing at which Officer Bellas testified. The VOP court credited Officer Bellas' testimony and concluded that Appellant had violated his probation. Accordingly, the court revoked Appellant's probation and resentenced him to one to five years' incarceration.

**B.**

Appellant filed a Notice of Appeal on October 14, 2022. Both he and the VOP court complied with Pa.R.A.P. 1925.

Appellant presents four issues for our review:

I. Whether the Court had sufficient evidence to support a finding that [Appellant] violated the conditions of his probation without having documentary evidence admitted in the record to support a prior conviction of a summary offense of Harassment in the lower court.

II. Whether the Court erred in permitting the Probation Officer to testify about statements made by [Appellant] about accessing the [I]nternet and searching pornography in the absence of him being first mirandized in accordance with the

- 3 -

basic principles set forth in ***Miranda v. Arizona***, 384 U.S. 436 [] (1966).

III.   Whether the Commonwealth waived violation of [Appellant's]probation on the basis of his purported guilty plea to summary Harassment after purportedly having knowledge of same and by delaying filing a violation of probation petition for more than a year following said conviction.

IV.   Whether the Court abused its discretion in sentencing [Appellant] to one to five years of incarceration following its finding that [Appellant] was in technical violation of the terms of his probation for the first time and after many years of compliance.

Appellant's Br. at 7-8.

**C.**

Appellant's first three issues pertain to the court's finding that Appellant violated his probation.

This Court's review of the results of a revocation hearing "is limited to determining the validity of those proceedings and the legality of the judgment of sentence imposed." ***Commonwealth v. Heilman***, 876 A.2d 1021, 1026 (Pa. Super. 2005) (citation omitted). In a VOP hearing, there is a lesser burden of proof than in a criminal trial, and the Commonwealth only needs to prove a VOP by a preponderance of the evidence. ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240-41 (Pa. Super. 2009). "A preponderance of the evidence is tantamount to a more likely than not standard."

***Commonwealth v. Esquilin***, 880 A.2d 523, 529 (Pa. 2005) (citations and internal quotation marks omitted).

This Court's standard of review of the challenge to the sufficiency of the evidence is well-settled:

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007) (citation omitted). An appellant may challenge the sufficiency of the evidence for the first time on appeal. Pa.R.Crim.P. 606(A)(7); ***Commonwealth v. Gezovich***, 7 A.3d 300, 302 n.2 (Pa. Super. 2010).

*

In his first issue, Appellant argues that Officer Bellas' testimony was insufficient to support the court's finding that he violated his probation. Appellant's Br. at 13-17. Specifically, Appellant argues that, with respect to the violation arising from his Harassment conviction, the "only evidence admitted and relied on by the [VOP] court was the testimony of the officer, who failed to provide any documentary evidence in support of the arrest or conviction" or "specific details about the case" such as its docket number or "any other exacting reference to corroborate the testimony." *Id.* at 16. With respect to the VOP arising from his failure to report his conviction, Appellant

similarly asserts that the testimonial evidence provided by Officer Bellas was insufficient to sustain a VOP finding.[6, 7] *Id.* These arguments garner no relief.

Rule 3 of Appellant's probationary terms required that Appellant follow all local, state, and federal criminal laws.[8] Here, Officer Bellas' testimony at Appellant's VOP hearing indicated that (1) Officer Bellas received a notification from the JNet system "sometime after the [Harassment] charges were filed;" and (2) Appellant later admitted to pleading guilty to Harassment. N.T. Hr'g at 14. The VOP court found Officer Bellas' testimony credible. Trial Ct. Op. at 4.

---

[6] Appellant also argues that the VOP court erred in considering alleged hearsay testimony offered by Officer Ballas. This argument is, however, waived because Appellant has not directed this Court to the place in the record where he preserved this objection in violation of Pa.R.A.P. 2119(c). Moreover, our review of the Notes of Testimony from Appellant's VOP hearing indicates that Appellant did not lodge a contemporaneous objection to this testimony. *See* ***Commonwealth v. Ramos***, 231 A.3d 955, 957 (Pa. Super. 2020) (explaining "failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal") (citations omitted); *see also*, Pa.R.E. 103(a)(1)(A) (providing a party may only claim error regarding admission of evidence if he makes timely objection on record).

[7] To the extent that Appellant also asserts in his Brief to this Court that the Commonwealth's evidence was likewise insufficient to prove that Appellant violated Rules 4 and 16, we find these issues waived because Appellant did not include them in his Rule 1925(b) Statement. *See* Rule 1925(b) Statement, filed 11/7/2022, at ¶1 (where Appellant raised a claim of error pertaining to the sufficiency of the evidence in support of the VOP court's finding as to rule 3). Therefore, these claims are waived. *See also* Pa.R.A.P. 1925(b)(4)(vii) (stating "[i]ssues not included in the Statement . . . are waived.").

[8] Trial Ct. Op. at 3.

Based on our review, we conclude that the admitted, uncontradicted evidence, which included testimony found credible that Appellant admitted that he pled guilty to Harassment, was sufficient to prove that it was more likely than not that Appellant violated probation. There is no requirement that the Commonwealth must establish a violation through documentary evidence.

\*

In his second issue, Appellant argues that the court erred in permitting Officer Bellas to testify to Appellant's statements about accessing the Internet and searching pornography because he had not been given **_Miranda_** warnings when he made them. Appellant's Br. at 18. This issue merits no relief.

It is axiomatic that "failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." **_Commonwealth v. Ramos_**, 231 A.3d 955, 957 (Pa. Super. 2020) (citations omitted); **_see also_** Pa.R.E. 103(a) (providing a party may only claim error regarding admission of evidence if he makes timely objection on record).

Our review of the notes of testimony from the VOP hearing indicates that when the Commonwealth elicited the challenged testimony from Officer Bellas on direct examination, Appellant's counsel did not object. N.T. Hr'g at 10-11. Because Appellant failed to lodge a contemporaneous objection when

Officer Bellas testified regarding Appellant's incriminating statement, Appellant has waived this claim on appeal.[9]

\*

In his third issue, Appellant claims that the Commonwealth could not pursue the violations based on the Harassment conviction was due to the delay between Appellant's conviction and the VOP hearing. Appellant's Br. at 21. He asserts three arguments in support of this claim. First, Appellant argues that the length of the delay, "more than a year," was unreasonable. *Id.* at 22. Next, Appellant avers that the reason for the delay was unreasonable because Officer Bellas could have filed a VOP "close in time to [Appellant's] arrest" but did not because Appellant was otherwise compliant with his probation conditions. *Id.* at 23. Finally, Appellant argues that the delay "significantly prejudiced" him because the Commonwealth "stacked" violations, leading to a harsher sentence. *Id.* at 24.

Appellant has failed to develop these arguments as required by our Rules of Appellate Procedure and we are, thus, unable to provide meaningful review. Accordingly, we find Appellant waived his arguments. "The Rules of

---

[9] Even if Appellant had not waived this claim, it would warrant no relief. A defendant is only entitled to *Miranda* warnings when subject to custodial interrogation; here, the record does not support the contention that Appellant was subject to a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest" indicating he was in custody, or that he was subject to interrogation. *Minnesota v. Murphy,* 465 U.S. 420, 430-31 (1984) (citations and internal quotation marks omitted).

Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). ***See*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). When issues are not properly raised and developed in briefs with arguments that are sufficiently developed for our review, we may dismiss the appeal or find certain issues waived. ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007); Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009).

Our review of Appellant's Brief reveals that, although Appellant has cited to boilerplate case law explaining the applicable legal standards, he has utterly failed to provide this Court with citation to relevant case law, applied and analyzed under the facts of this case. ***See*** Appellant's Br. at 21-24. Rather, he provides conclusory statements that the delay was not reasonable, the reasons for the delay were not reasonable, and he suffered prejudice. ***Id***. at 22-24. Appellant's neglect in providing this Court with a legal framework in which to analyze the reasonableness of the delay in this case not only violates our briefing requirements, but more importantly, precludes this Court from

effectuating meaningful appellate review.[10]  We decline to act as counsel. Accordingly, this issue is waived.

\*

In his final issue, Appellant purports to challenge the discretionary aspects of his sentence.  However, Appellant has not addressed this issue in his brief beyond the statement of questions involved.  Accordingly, Appellant waived this claim.  ***See, e.g., Commonwealth v. Jones***, 815 A.2d 598, 604 n.3 (Pa. 2002) (finding claims raised in the Statement of Questions Involved but not pursued in the body of the brief are waived); ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998) (explaining "[w]hen issues are not properly raised and developed in briefs... a court will not consider the merits thereof.") (citations omitted).

**D.**

In sum, we conclude that Appellant's sufficiency of the evidence claim lacks merit and that he has waived his remaining issues.

Judgment of sentence affirmed.

---

[10] We further note that Appellant fails to cite to the record as required by Pa.R.A.P. 2119(c) to support his arguments, thus, compounding our inability to provide meaningful review.  ***See*** Appellant's Br. at 22-24.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2023