NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY MARVIN WARREN, *Appellant.*

No. 1 CA-CR 20-0242
FILED 7-8-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-114671-001
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Brown & Little, P.L.C., Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**G A S S**, Judge:

¶1      Timothy Marvin Warren appeals his conviction for aggravated robbery. Because any potential error was harmless, we affirm his conviction.

## FACTUAL AND PROCEDURAL HISTORY

¶2      This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Warren. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3      On April 2, 2019, the victim received a text message from a phone number he did not recognize, but he believed it was someone he knew. He agreed to meet the person at an apartment complex to give the person "wax"—a form of cannabis with a high THC content. The person turned out to be R.W., Warren's cousin. The victim arrived at the complex, parked his car, and texted R.W. he was there. Soon after, R.W. approached and entered the victim's car. R.W. grabbed his gun, aimed it at the victim and demanded "everything" he had. The victim complied, handing his backpack to R.W., which contained cash, marijuana, and wax. R.W. left the victim's vehicle and returned to the passenger side of a nearby SUV driven by Warren. Warren drove off. The victim followed and called the police. During the ensuing police chase, a tire on the SUV blew out and Warren and R.W. fled the vehicle. The police later arrested them. The State indicted Warren on one count of armed robbery and one count of aggravated robbery.

¶4      During jury selection, the superior court discussed the burden of proof and the presumption of innocence, adding "the defendant is not required to prove innocence or produce any evidence." The superior court gave preliminary instructions, including the burden of proof, the presumption of innocence, and the defendant's right not to testify.

¶5          The State rested at the end of the fifth day of trial. In releasing the jurors for the evening, the superior court reminded them of the admonition:

> So please remember the admonition. Please remember you've only heard one side of the case at this point in time. Do not start thinking about how you're going to decide the case. Please keep an open mind until you hear all the rest of the evidence and all of the closing arguments.

¶6          Warren's counsel immediately moved for mistrial, arguing the superior court incorrectly implied Warren had an obligation to present evidence. The superior court denied the motion for mistrial, but promised to correct and clarify the statement for the jurors the next day.

¶7          The next day, the superior court offered a curative instruction. At Warren's request, the superior court did not read the curative instruction to the jury. The defense rested without presenting any evidence. The final jury instructions described the presumption of innocence and the burden of proof, adding a defendant need not testify or present evidence.

¶8          The jury acquitted Warren of armed robbery but found him guilty of aggravated robbery. Warren timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

¶9          Warren first argues the superior court's statement telling the jury it had "only heard one side of the case at this point" and to "keep an open mind until you hear all of the rest of the evidence" was an improper instruction and misled the jury because it failed to "adequately reflect the law." According to Warren, the superior court then compounded the error by not providing a special, corrective instruction. Second, Warren argues the statement infringed his right to remain silent. *See* U.S. Const. amend. V; Ariz. Const. art. II, § 10. The State recasts Warren's arguments as whether the superior court abused its discretion in denying his motion for mistrial. We analyze the arguments as Warren framed them.

¶10          This court "review[s] a decision to give or refuse a requested jury instruction for an abuse of discretion," but reviews *de novo* whether the jury instruction accurately reflects the law. *Leon v. Marner*, 244 Ariz. 465, 469, ¶ 11 (App. 2018). Considering the instructions as a whole, this court decides whether "the jury was properly guided in arriving at a correct

decision." *Pima Cnty. v. Gonzalez*, 193 Ariz. 18, 20, ¶ 7 (App. 1998). This court also reviews *de novo* questions of constitutional law. *Gallardo v. State*, 236 Ariz. 84, 87, ¶ 8 (2014).

**¶11**     This court reviews for harmless error because Warren moved for mistrial. *See Leon*, 244 Ariz. at 469, ¶ 12 ("With limited exceptions, erroneous jury instructions are subject to either harmless or fundamental error review."); *State v. VanWinkle*, 229 Ariz. 233, 237, ¶ 16 (App. 2011) (applying harmless error analysis to improper comment on defendant's constitutional right to silence). "Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *State v. Bible*, 175 Ariz. 549, 588 (1993). The State carries the burden to establish any error was harmless. *State v. Anthony*, 218 Ariz. 439, 446, ¶ 39 (2008).

**¶12**     We express no opinion about whether the superior court erred because any error was harmless. After making the statement, the superior court drafted a proposed curative instruction, which Warren rejected. Both Warren and the superior court agreed the proposed instruction would needlessly duplicate the final jury instructions. The superior court is in the best position to determine the appropriate remedy for a trial error. *State v. Herrera*, 203 Ariz. 131, 135, ¶ 6 (App. 2002). We recognize some states have held rejecting a curative instruction constitutes a waiver of that issue on appeal. *See, e.g.*, *Dobbins v. State*, 844 S.E.2d 814, 818 (Ga. 2020); *Pennsylvania v. Ramos*, 231 A.3d 955, 958–59 (Pa. Super. Ct. 2020). In Arizona, declining a proposed curative instruction weighs against abuse of discretion. *See Herrera*, 203 Ariz. at 134–35, ¶¶ 5–6 (superior court did not abuse its discretion by denying a mistrial based in part on defendant's declination of a curative instruction).

**¶13**     Regardless, "it is not error for the [superior] court to refuse to give a requested instruction that is covered adequately by the given instructions." *Haynes v. Syntek Fin. Corp.*, 184 Ariz. 332, 341 (App. 1995). The superior court properly instructed the jury before and after it made the statement. The preliminary instructions correctly informed the selected jurors of the presumption of innocence, the burden of proof, and Warren's right not to testify. The final jury instructions, given the day after the putative error, repeated those same principles. This court presumes jurors follow the instructions they are given. *State v. LeBlanc*, 186 Ariz. 437, 439 (1996). The final jury instructions sufficiently rendered any error harmless by giving the jury proper guidance.

**¶14** The verdict also weighs against error. The jury convicted Warren of aggravated robbery but acquitted him of armed robbery, demonstrating it considered the evidence on each charge. *See State v. Stuard*, 176 Ariz. 589, 600 (1993) (acquittal of relevant charges weighs against reversible error). A juror who improperly concluded Warren bore a burden to provide evidence would not have acquitted Warren on any of the charges. The superior court's reminder of the admonition did not affect the verdict. *See State v. Jones*, 203 Ariz. 1, 10, ¶ 33 (2002) (error was harmless because the jury made reasoned decisions and acquitted on one of four counts); *cf. State v. Barger,* 167 Ariz. 563, 567 (App. 1990) (harmless error to exclude a statement when the jury acquitted defendant of the charge to which statement would have been relevant); *State v. Davis,* 117 Ariz. 5, 7–8 (App. 1977) (not prejudicial error when improperly communicated instruction went to the charge of which defendant was acquitted).

## CONCLUSION

**¶15** We affirm Warren's conviction.



AMY M. WOOD • Clerk of the Court
FILED: AA