J-S37023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :             PENNSYLVANIA
                                                 :
               v.                              :
                                               :
                                               :
RONALD DORSEY                             :
                                               :
             Appellant                    :       No. 1656 EDA 2021

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005796-2016

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:           **FILED DECEMBER 16, 2022**

Ronald Dorsey appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

In August 2014, Dorsey entered into an agreement with James Mears to steal narcotics and money from the victims, Dollie Evans and Ruby Thomas, who lived together.  At trial, Mears testified[1] that Dorsey shot both Thomas and Evans in the head and took Evans' purse.  Mears testified that he strangled Thomas with an extension cord prior to Dorsey shooting her in the head.

---

[1] Mears entered into a plea deal with the Commonwealth in which he agreed to testify against Dorsey and, in exchange, he would plead guilty to third-degree murder, robbery, and related offenses.  ***See*** N.T. Jury Trial Vol. 1, 9/19/17, at 76-77.  Additionally, Mears would receive an agreed-upon sentence of 40 to 80 years in prison.  ***Id.***

Mears testified that Dorsey then wrapped the gun in a cloth and put it in his basement. During a subsequent search, police officers recovered a white pillowcase with Dorsey's DNA and gunshot residue, but did not recover the gun.

Following a jury trial, Dorsey was convicted of second-degree murder, robbery, and conspiracy. The trial court sentenced Dorsey the same day to life imprisonment without parole. Dorsey filed a post-sentence motion, which the trial court denied. Dorsey filed a direct appeal, and this Court affirmed his judgment of sentence on March 21, 2019. *See Commonwealth v. Dorsey*, 215 A.3d 664 (Pa. Super. 2019) (Table). Dorsey filed a petition for allowance of appeal, which our Supreme Court denied on August 20, 2019. *See id.*, 217 A.3d 204 (Pa. 2019) (Table).

On July 7, 2020, Dorsey filed the instant *pro se* PCRA petition, his first. The PCRA court appointed Stephen O'Hanlon, Esquire, and, on October 20, 2020, Attorney O'Hanlon filed a *Turner*/*Finley*[2] no-merit letter. On November 10, 2020, Dorsey filed a *pro se* response in opposition to Attorney O'Hanlon's no-merit letter. On December 21, 2020, Attorney O'Hanlon filed a supplemental *Turner*/*Finley* no-merit letter.

On January 13, 2021, the PCRA court declined to accept Attorney O'Hanlon's no-merit letters, but nevertheless permitted Attorney O'Hanlon to withdraw. On the same day, the PCRA court appointed James Lloyd, Esquire,

---

[2] *Commonwealth v. Turner*, 554 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

as new PCRA counsel. On April 1, 2021, Attorney Lloyd filed a **Turner**/**Finley** no-merit letter. On May 13, 2021, the PCRA court accepted Attorney Lloyd's no-merit letter and issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On June 16, 2021, the PCRA court, having received no response, dismissed Dorsey's PCRA petition.

On June 28, 2021, the original Rule 907 notice was returned to the PCRA court's chambers due an error in processing the mail. That same day, the PCRA court vacated its June 16, 2021 dismissal of Dorsey's PCRA petition and issued a new Rule 907 notice. On July 22, 2021, having received no response to the new notice, the PCRA court dismissed Dorsey's PCRA petition.

Dorsey filed a timely notice of appeal and a court-ordered concise statement of errors complained of on appeal in compliance with Pa.R.A.P. 1925(b).[3] Dorsey now raises the following claims for our review:

> [1.] Did the [PCRA] court err as a matter of law when it dismissed [Dorsey]'s PCRA petition?
>
> [2.] Was [Dorsey] denied his right to effective assistance of counsel as protected by Article 1, [§] 9 of the Pennsylvania Constitution and Sixth Amendment to the United States Constitution?

---

[3] On January 11, 2022, this Court dismissed Dorsey's appeal for failure to file an appellate brief. On February 1, 2022, Dorsey filed an application to reinstate his appeal and attached an appellate brief. **See** Application to Reinstate Appeal, 2/1/22. On February 8, 2022, this Court granted Dorsey's application, but cautioned him that his attached appellate brief did not comport with our briefing rules. **See** Order, 2/8/22. Accordingly, this Court issued a new briefing schedule in order for Dorsey to file a compliant appellate brief. **Id.**

[3.] Did the district attorney commit misconduct when vouching and illegally bolstering the credibility of [] Mears?

[4.] Should [Dorsey] be granted a new trial where the Commonwealth did not have a warrant for a cell phone that they alleged to be [Dorsey's] and was tracked via cell towers?

Brief for Appellant, at 5.

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [A]ct. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

In Dorsey's first claim, he broadly asserts that the PCRA court erred as a matter of law in dismissing his PCRA petition. *See* Brief for Appellant, at 10. However, this section of his argument does nothing more than summarize his other claims. *See id.* Because we are unable to discern what specific claim Dorsey purports to raise in this first claim, it is waived. *See* Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief . . . fails to develop the issue in any . . . meaningful fashion capable of review, that claim is waived."); *id.* at 925 ("It is not the role of this Court to formulate [an a]ppellant's arguments for him.").

- 4 -

In his second claim, Dorsey raises two sub-issues which challenge trial counsel's effectiveness. *See* Brief for Appellant, at 11-14. We address these sub-issues separately.

Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and, (3) but for counsel's ineffectiveness[,] there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

In his first sub-issue, Dorsey contends that trial counsel rendered ineffective assistance by failing to object to the Commonwealth's "Memorandum of Agreement." *See* Brief for Appellant, at 12. Dorsey argues that this memorandum baldly asserted to the jury that Mears' testimony was truthful, and that by failing to object, his trial counsel permitted the district attorney to improperly bolster Mears' testimony. *Id.* at 12-13.

"Vouching" is a "form of prosecutorial misconduct occurring when a prosecutor 'places the government's prestige behind a witness through personal assurances as to the witness's truthfulness, and when it suggests that information not before the jury supports the witness's testimony.'"

*Commonwealth v. Ramos*, 231 A.3d 955, 959 (Pa. Super. 2020) (citations omitted). "Improper bolstering or vouching for a government witness occurs where the prosecutor assures the jury that the witness is credible, and such assurance is based on either the prosecutor's personal knowledge or other information not contained in the record." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1180 (Pa. 2011) (citation omitted).

To support his claim, Dorsey directs our attention to the following exchange, at trial, between Mears and the district attorney:

Q: Was it your understanding that you needed to testify truthfully and fully in this case?

A: Yes.

Q: What is your understanding if you don't testify truthfully and fully in this case?

A: The deal is off the table.

Q: Is it also your understanding that you could be charged for perjury?

A: Yes.

Q: Or making a false, material statement under oath?

A: Yes.

N.T. Jury Trial Vol. 1, 9/19/17, at 79 (district attorney questioning Mears about the deal he made in exchange for testimony against Dorsey).

We are unpersuaded by Dorsey's argument. Our review of the record reveals that the district attorney did not "throw the prestige of the government" behind Mears by merely questioning him about the plea deal he

struck. *See id.*; *see also* PCRA Court Opinion, 10/21/21, at 8; *see also* *Ramos*, *supra*. Additionally, the district attorney made no personal assurances regarding Mears' testimony. Rather, the Commonwealth was disclosing its offer of leniency to Mears as required by law. *See* *Commonwealth v. Bagnall*, 235 A.3d 1075 (Pa. 2020); *see also* *Commonwealth v. Reid*, 99 A.3d 427, 448 (Pa. 2014) ("[T]he mere reference that a plea agreement requires truthfulness does not constitute improper vouching."). Accordingly, this issue lacks merit and, therefore, Dorsey's trial counsel was not ineffective on this basis. *See Holt*, *supra*.

In his second sub-issue, Dorsey argues that his direct appeal counsel rendered ineffective assistance by failing to raise a sufficiency claim on direct appeal. *See* Brief for Appellant, at 14-15.

At the outset, Dorsey has failed to develop this claim for our review and, thus, it is waived. *See* Pa.R.A.P. 2119(a); *see also Johnson*, *supra*. Nevertheless, on direct appeal, this Court found Dorsey's sufficiency challenge to be waived, **but still addressed the claim**. *See Dorsey*, *supra* (addressing sufficiency challenge and determining it lacked merit). Therefore, even if Dorsey had not waived this claim, we would afford him no relief. *See* 42 Pa.C.S.A. § 9543(a)(2) (claims previously litigated on direct appeal cannot be raised under subsequent PCRA petitions).

In his third issue, Dorsey argues that the Commonwealth committed prosecutorial misconduct by improperly bolstering Mears' testimony. *See* Brief for Appellant, at 15-16.

Preliminarily, we observe that this claim is not cognizable under the PCRA and should have been raised on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(2) (setting forth categories of errors for which PCRA provides remedy). Additionally, in this claim, Dorsey does nothing more than regurgitate his argument that the "Memorandum of Agreement" amounted to improper bolstering. We have addressed this claim above and concluded that it lacked merit.

In his fourth claim, Dorsey argues that he is entitled to a new trial because the Commonwealth seized his cell phone without a warrant. *See* Brief for Appellant, at 17. Dorsey similarly argues that the Commonwealth should have sought a warrant before tracking his cell phone via cell towers. *Id.* at 17-18.

This claim, like his third, is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). Moreover, this claim is belied by even a cursory review of the record. It is clear that Detective Thorsten Lucke obtained a warrant on August 26, 2014, to obtain call detail records for Dorsey's cell phone. *See* N.T. Jury Trial Vol. 3, 9/21/17, at 152. A copy of that search warrant was marked and entered into evidence as C-117. *See id.* Therefore, it is clear to this Court that the Commonwealth sought a warrant, acquired said warrant, and executed said warrant. There was no basis on which trial counsel could challenge the purported lack of a warrant. Accordingly, this claim lacks merit. *See Holt*, *supra*.

Based upon the foregoing, Dorsey is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2022