**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN WILLIAM LAWRENCE | : | |
| | : | |
| Appellant | : | No. 966 MDA 2023 |

Appeal from the PCRA Order Entered June 19, 2023
In the Court of Common Pleas of Wyoming County Criminal Division at
No(s): CP-66-CR-0000444-2013

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: MAY 30, 2024**

Benjamin William Lawrence (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 8, 2013, Pennsylvania State Police (PSP) Trooper Stephen Scoble charged Appellant with numerous sexual offenses. The charges stemmed from allegations that Appellant sexually abused his minor stepchildren (S.L. and C.L.) on more than 100 occasions over the course of several years. *See* Affidavit of Probable Cause, 8/8/13, at 1-3.

A prior panel of this Court summarized the procedural history underlying this appeal:

> [O]n December 14, 2015,[FN1] a jury convicted Appellant of nineteen counts of sexual assault perpetrated against [S.L. and

C.L.][1]  The trial court sentenced Appellant to an aggregate term of not less than 120 nor more than 240 months' incarceration.  On appeal,[2] we affirmed the conviction but vacated his sentence and remanded for the court to resentence him without considering the mandatory minimums.FN2  *See Commonwealth v. Lawrence*, [183 A.3d 1081,] No. 281 MDA 2017, unpublished memorandum at 14 (Pa. Super. Filed January 23, 2018).FN3

---

FN1 A December 14, 2014[,] trial resulted in a hung jury.

FN2 Appellant was sentenced to mandatory-minimum sentences pursuant to 42 Pa.C.S.A. § 9718.  In *Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016), our Supreme Court held that "[s]ection 9718 is irremediably unconstitutional on its face, non-severable, and void."  Because any sentence relying on these provisions was illegal, we needed to vacate his sentence.  *See Commonwealth v. Lawrence*, [220 A.3d 657,] 1913 MDA 2018, [(Pa. Super. 2019), (unpublished memorandum at 2, n.3)].

FN3 Our Supreme Court denied Appellant's petition for allowance of appeal on August 29, 2018.  *See Commonwealth v. Lawrence*, [192 A.3d 1109,] 128 MAL 2018 (Pa. 2018).

---

On October 5, 2018, the trial court resentenced Appellant to the same term of incarceration but did not invoke the mandatory minimum sentences.  Appellant timely appealed, challenging the discretionary aspects of his sentence.  We affirmed the judgment of sentence on July 16, 2019.  *See Commonwealth v. Lawrence*, [220 A.3d 657,] No. 1913 MDA 2018, unpublished memorandum at 4-7 (Pa. Super. filed July 16, 2019).  Appellant did not seek further review from our Supreme Court.

On July 31, 2020, Appellant *pro se* filed his first PCRA petition, alleging several errors, including ineffective assistance of

---

[1] Appellant privately retained Paul Ackourey, Esquire (trial counsel), to represent him at trial.

[2] Following trial, trial counsel withdrew his appearance.  On appeal, Stephen Franko, IV, Esquire (direct appeal counsel), of the Wyoming County Public Defender's Office, represented Appellant.

counsel. Still unrepresented, on August 17, 2020, the PCRA court denied Appellant's first PCRA petition as untimely.

….

On September 16, 2020, Appellant (through counsel) filed a notice of appeal from the August 17, 2020[,] order.

*Commonwealth v. Lawrence*, 262 A.3d 545, 1198 MDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-3) (two footnotes added; remaining footnotes in original).

In that prior appeal, we concluded Appellant timely filed his PCRA petition. *Id.* (unpublished memorandum at 6). We reversed the PCRA court's order, and remanded for further proceedings. *See id.* On August 24, 2021, the PCRA court scheduled a hearing on Appellant's petition.[3] After numerous continuances, the hearing was scheduled for March 10, 2023. However, at the time of the hearing, Appellant requested to submit the matter on briefs.

On April 10, 2023, rather than filing a brief, Appellant filed an amended PCRA petition. Therein, Appellant argued 1) trial counsel was ineffective for failing to object to the admission of DNA evidence; and 2) direct appeal counsel was ineffective for failing to raise trial counsel's challenge to the prosecutor's reference to an inadmissible psychological report. *See* Amended

_____

[3] On September 9, 2020, Jonathan Crisp, Esquire (PCRA counsel), entered his appearance on behalf of Appellant. PCRA counsel did not file an amended PCRA petition prior to the March 10, 2023, PCRA hearing.

- 3 -

PCRA Petition, 4/10/23, at 8 (unpaginated). On June 16, 2023, the PCRA court issued an opinion and order denying Appellant's amended petition.

Appellant timely appealed. Appellant filed a concise statement of errors complained of on appeal. The PCRA court authored an opinion pursuant to Pa.R.A.P. 1925(a), indicating it relied on its June 16, 2023, opinion and order denying Appellant's petition.

Appellant raises the following issues:

Did the [PCRA] court err when it ruled[:]

1) Appellant received effective assistance of counsel even though trial counsel failed to object to inadmissible evidence regarding DNA[,] and

2) [Direct appeal] counsel failed to properly preserve and argue issues related to prosecutorial misconduct and inadmissible references to psychological testing?

Appellant's Brief at 4 (capitalization modified; numbering and paragraph breaks added).

In considering Appellant's claims, we are mindful of our standard of review:

When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order "is supported by the record and free of legal error." Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022) (citations and footnotes omitted).

- 4 -

Appellant alleges ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687[] (1984). This Court has recast the two-part *Strickland* standard into a three-part test by dividing the performance element into two distinct components. To prove that counsel was ineffective, the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To satisfy the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must adduce sufficient evidence to overcome this presumption.

*Id.* at 634 (footnotes and some citations omitted).

Both of Appellant's underlying claims involve allegations of prosecutorial misconduct during closing argument.

> In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. Not every inappropriate remark by a prosecutor constitutes reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context.

*Commonwealth v. Bedford*, 50 A.3d 707, 715-16 (Pa. Super. 2012) (*en banc*) (internal citations and quotation marks omitted).

In reviewing the arguable merit of Appellant's underlying claims, we recognize:

It is axiomatic that during closing arguments the prosecution "is limited to making comments based upon the evidence and fair deductions and inferences therefrom." ***Commonwealth v. Joyner***, 365 A.2d 1233, 1236 (Pa. 1976). Indeed, given the critical role that the Commonwealth plays in the administration of justice, a prosecutor has been historically prohibited from expressing "a personal belief regarding a defendant's guilt or innocence or the veracity of the defendant or the credibility of his witnesses." ***Commonwealth v. Novasak***, 606 A.2d 477, 481 (Pa. Super. 1992).

However, because trials are necessarily adversarial proceedings, prosecutors are entitled to present their arguments with reasonable latitude. ***Commonwealth v. Paddy***, 800 A.2d 294, 316 (Pa. 2002). Moreover, it is well settled that defendants are entitled to a fair trial, not a perfect one. ***Commonwealth v. Ragland***, 991 A.2d 336, 340 (Pa. Super. 2010) (citation omitted). "Thus, **a prosecutor's remarks do not constitute reversible error unless their unavoidable effect … [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict**." ***Id.*** (quoting ***Commonwealth v. Smith***, 985 A.2d 886, 907 (Pa. 2009)).

***Commonwealth v. Ligon***, 206 A.3d 515, 519–20 (Pa. Super. 2019) (citations modified; emphasis added).

In his brief, Appellant argues (for the first time) that trial counsel was ineffective for failing "to object to the prosecutor's closing statements about his personal interpretations of the DNA evidence[.]" Appellant's Brief at 15. Appellant maintains the prosecutor's comments were based on lab reports and evidence seized from Appellant's home, which the investigating officer "did not personally seize and could not speak to the authenticity thereof." ***Id.*** Notably, unlike in his amended PCRA petition, Appellant does not allege trial counsel's ineffectiveness for failing to object to the introduction of these

reports or evidence. *See id.* at 15-18. Rather, he asserts "a diligent [] defense attorney should have recognized that the prosecutor was offering personal opinions beyond what was stated by [Trooper] Scoble and the DNA report." *Id.* at 17.

Before considering the merits of Appellant's claim, we address whether he has preserved this issue for our review. The record discloses that Appellant did not raise this issue in his *pro se* PCRA petition or amended PCRA petition.[4] Accordingly, Appellant's first claim is waived. *See Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014) (stating that a "claim not raised in [a] PCRA petition cannot be raised for the first time on appeal, and is 'indisputably waived.'" (quoting *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004)).

In his final claim, Appellant argues direct appeal counsel was ineffective for failing to challenge the prosecutor's "impermissible reference to psychological testing in his closing" argument. Appellant's Brief at 20. Specifically, Appellant maintains the prosecutor's argument that C.S. was

---

[4] Appellant also failed to include this issue in his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. We do not find waiver on this basis, however, as the PCRA court's order directing Appellant to file a concise statement did not advise him that "any issue not properly included in the Statement … shall be deemed waived." *See* Pa.R.A.P. 1925(b)(3)(iv); *see also* Order, 7/11/23.

"disassociating" directly referred to an inadmissible report.[5]  **See** Appellant's

Brief at 22.  Appellant alleges he was prejudiced by direct appeal counsel's

failure to pursue his claim of prosecutorial misconduct and the denial of a

mistrial.  **See id.** at 21 ("[T]he failure of [direct appeal] counsel to follow

through on the critical objection by [] trial counsel provides arguable merit on

the basis of prosecutorial misconduct through improper bolstering of a key

witness.").

Appellant's underlying claim asserts that the prosecutor's closing

argument improperly bolstered or "vouched" for the credibility of C.S.  **See**

Appellant's Brief at 20-23.  He maintains "the prosecutor chose to quote an

inadmissible psychological test indicating the witness was disassociating, and

therefore she could not have been hallucinating as [] Appellant argued."  **Id.**

at 22.

We initially acknowledge:

> [Our] review of a trial court's denial of a motion for a mistrial is
> limited to determining whether the trial court abused its
> discretion.  In criminal trials, declaration of a mistrial serves to
> eliminate the negative effect wrought upon a defendant when
> prejudicial elements are injected into the case or otherwise
> discovered at trial.  A trial court may grant a mistrial only where
> the incident upon which the motion is based is of such a nature
> that its unavoidable effect is to deprive the defendant of a fair trial

---

[5] Commonwealth witness Sara Hegarty authored a report describing behaviors commonly displayed by victims of sexual abuse.  **See** N.T., 12/17/23, at 183; N.T., 12/18/15, at 247-49.  However, the trial court rejected the prosecutor's argument that Hegarty (who possessed no relevant professional licenses) should be qualified as an expert.  N.T., 12/18/15, at 234-47.  As a result, the report was not proffered as nor admitted into evidence.  **Id.**

by preventing the jury from weighing and rendering a true verdict. **It is also settled that a mistrial is not necessary where cautionary instructions are adequate to overcome any potential prejudice.** The law presumes that a jury will follow the trial court's instructions.

*Commonwealth v. Gilliam*, 249 A.3d 257, 274-75 (Pa. Super. 2021)

(emphasis added; citations and quotation marks omitted).

Relevantly, this Court has described "vouching" as

a form of prosecutorial misconduct occurring when a prosecutor places the government's prestige behind a witness through personal assurances as to the witness's truthfulness, and when it suggests that information not before the jury supports the witness's testimony. Improper bolstering or vouching for a government witness occurs where the prosecutor assures the jury that the witness is credible, and such assurance is based on either the prosecutor's personal knowledge or other information not contained in the record.

*Commonwealth v. Ramos*, 231 A.3d 955, 959 (Pa. Super. 2020) (citations

and quotations marks omitted).

In the instant case, the following, relevant, exchange occurred during

the prosecutor's closing argument:

[Prosecutor]: … [Appellant] called what [C.S.] was doing hallucinating. That's not hallucinating. She suffered such trauma from [Appellant's abuse] that she would wake up sometimes with his [semen] down there in her vagina because her mind was somewhere different than her physical body. She was disassociating.

[Trial counsel]: **Judge, I'm going to object** –

[Prosecutor]: Her body may have been there, but she was somewhere else. That's how that happened.

[Trial counsel]: Could we approach?

THE COURT: You may.

….

[Trial counsel]: Judge, he's referencing a psychological assessment that is not in the record. Disassociating and that condition, I never put on. It wasn't –

[Prosecutor]: I know it to be true personally. That's what I know to be true. It's not intendit's [*sic*] argument.

[Trial counsel]: … [I]t's improper argument. It's not of record. It's reading into the record what [the trial court] excluded from the record.

[Prosecutor]: No, it's argument.

[Trial counsel]: Let me finish. [The prosecutor is] reading into the record what he couldn't get in through the expert report. He's reading right from the expert report, and he starts talking about dis[as]sociation. That is a psychological diagnosis. **I object, and I'm asking the court to strike. I'm asking for a mistrial,** but I'm asking the court to at least [inaudible].

[Prosecutor]: That's common knowledge that I know from the last eighteen years of prosecuting these cases, everything I know to … be true.

[Trial counsel]: But he didn't testify.

THE COURT: **I'm going to give the jury** [**a curative**] **instruction.** …

(Sidebar discussion concluded.)

The jury will note that the past statements given by the [prosecutor] are not any scientific conclusions that have been testified to in this court, but are only the [prosecutor's] opinion and shall take no further weight above and beyond that. …

N.T., 12/23/15, at 226-29 (emphasis added). Significantly, the record discloses no further objection by trial counsel.

The above-quoted passage from the prosecutor's closing argument plainly exhibits hallmarks of improper "bolstering" through the use of "the prosecutor's personal knowledge" **and** "information not contained in the record." ***Id.***

Nevertheless, "[w**here an objection is made, then a curative instruction issued,** [an] **appellant's only challenge is to the adequacy of the curative instruction.**" ***Gilliam***, 249 A.3d at 275 (emphasis added) (quoting ***Commonwealth v. Page***, 965 A.2d 1212, 1222 (Pa. Super. 2009)). Where an appellant does "not object to the instruction, any claim in relation to its adequacy is waived." ***Id.*** This is so because "jurors are presumed to follow the trial court's cautionary instructions." ***Commonwealth v. Goods***, 265 A.3d 662, 672 (Pa. Super. 2021) (citing ***Commonwealth v. Cole***, 167 A.3d 49, 77 (Pa. Super. 2017) ("[W]e presume the jury followed the trial court's instruction in this case regarding the prosecutor's [improper] comments[.]")).

Here, as trial counsel failed to object to the trial court's curative instruction (a prerequisite to determining whether the prosecutor's comments warranted a mistrial), Appellant's challenge to the improper bolstering and denial of a mistrial is waived. ***See Gilliam***, 249 A.3d at 275. Because direct appeal counsel could not have successfully pursued a waived issue, Appellant's claim of direct appeal counsel's ineffectiveness has no arguable merit. ***See***

***Drummond***, 285 A.3d at 634; ***see also Gilliam***, 249 A.3d at 275.[6]  As such, Appellant's claim merits no relief.

Accordingly, the PCRA court did not abuse its discretion in denying Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/30/2024

_____

[6] Even had Appellant properly layered his ineffectiveness claim to include trial counsel's failure to object to the trial court's curative instruction, he would not be entitled to relief.  Despite the prosecutor improperly arguing his opinion (premised on inadmissible evidence), he did not "place[] the government's prestige behind" the victim's testimony.  ***Ramos***, 231 A.3d at 959 (citation omitted).  Further, based on our review of the entire record, we would not conclude the prosecutor's fleeting comment created a "fixed bias and hostility toward the defendant so that [the jury] could not weigh the evidence objectively and render a true verdict."  ***Ligon***, 206 A.3d at 520; ***see also Commonwealth v. Wilson***, 286 A.3d 1288, 1300 (Pa. Super. 2022) (an "accused is entitled to a fair trial, not a perfect trial." (quoting ***Commonwealth v. Hairston***, 84 A.3d 657, 671 (Pa. 2014)).