**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL I. PORTER | : | |
| | : | |
| Appellant | : | No. 112 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001416-2022

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: SEPTEMBER 30, 2024**

Appellant, Russell I. Porter, appeals from the judgment of sentence entered on December 18, 2023, in the Court of Common Pleas of Washington County after a jury convicted him of one count of Aggravated Assault and two counts of Recklessly Endangering Another Person.[1] Appellant challenges certain evidentiary rulings. After careful review, we affirm.

**A.**

We glean the following relevant factual and procedural history from the trial court opinion and the certified record. On the morning of July 26, 2022, Appellant and Katie Deems, whom he had known "off and on" for 10 years, were at Ms. Deems' apartment. N.T. Trial, Volume I, 5/16/23, at 84.

---

[1] 18 Pa.C.S. §§ 2702(a)(1) and 2705, respectively. The jury acquitted Appellant of two counts of Criminal Attempt-Homicide and one count of Aggravated Assault.

Appellant planned to drive Ms. Deems to her father's house and drop her off so that he could subsequently borrow her car, a white SUV. As Appellant and Ms. Deems approached her car outside of her apartment, a blue SUV parked behind her car. Nasstylejah Wilkerson exited the blue SUV and proceeded to chase Appellant and call him the "n-word." *Id.* at 99. Appellant ran into Ms. Deems' apartment, which ended the altercation with Mr. Wilkerson.

A short time later, Ms. Deems and Appellant once again left to drive to Ms. Deems' father's house, but they returned to Ms. Deems' apartment because she had forgotten her bag. While Ms. Deems was inside her apartment, Appellant drove away in her car.

Later that morning, at approximately 11:00 AM, Mr. Wilkerson and his girlfriend, Bailey Batch, were in Ms. Batch's car at the intersection of Wylie and Allison Avenues when they heard someone yell "Yo!" N.T. Trial, Volume II, 5/17/23, at 168. A Black man driving a white SUV then fired several shots at Ms. Batch's car. Ms. Batch called 911.[2] Police officers responded and found that bullets had struck both Ms. Batch's car and another car parked in a nearby parking lot. Neither Ms. Batch nor Mr. Wilkerson were injured.

During their investigation of the shooting, police detectives obtained surveillance footage of the altercation between Mr. Wilkerson and Appellant outside of Ms. Deems' apartment. The detectives also learned that Appellant

---

[2] Following the shooting, Ms. Batch told Mr. Wilkerson to leave the area because he had recently been in prison, and she was concerned that he would be in trouble. Ms. Batch did not initially admit that Mr. Wilkerson was with her during the shooting, but she later told police that he was also present.

did not have a license to carry a firearm and, in fact, was not permitted to possess a firearm due to a prior conviction (the "disqualifying conviction"). The police arrested Appellant in connection with the shooting on July 28, 2022.

Finally, police obtained a recording of a phone call Appellant had made to Taylor Costa following his arrest. During the phone call, Appellant "referenced numerous pieces of information regarding the shooting incident, including [Mr.] Wilkerson's presence in [Ms.] Batch's vehicle, as well as [Ms.] Batch's initial decision to withhold that information from investigators. . . . [and] the lack of physical evidence," including that police did not recover "a firearm, shells, casings, or residue." Trial Ct. Op., 3/1/24, at 13-14.

On July 26, 2022, police charged Appellant with the above charges. Prior to trial, the Commonwealth filed a Motion to Introduce Other Bad Acts Evidence Pursuant to Pa.R.E. 404(b) and a Motion in *Limine* to admit, *inter alia*, Appellant's status as a person prohibited from possessing firearms and evidence of the alteration with Mr. Wilkerson. At the hearing on the motion in *limine*, Appellant objected to the admission of his disqualifying conviction but did not object to the admission of evidence establishing that he was ineligible to possess a firearm. The court granted the Commonwealth's motions.

Appellant proceeded to trial on May 15, 2023. At trial, witnesses including Ms. Deems and Ms. Batch testified in accordance with the above facts. Detective Dan Eberman also testified regarding the investigation of the shooting. Relevantly, the Commonwealth asked Detective Eberman "a yes or

no question" as to whether Appellant was permitted to possess a firearm. N.T. Trial, Vol. II, at 433. Detective Eberman answered "no" without further elaboration.[3] *Id.*

The Commonwealth also played for the jury the surveillance video of the altercation that occurred on the morning of the shooting and the audio recording of Appellant's phone call with Ms. Costa. To authenticate the recording of the phone call, the Commonwealth called Ms. Deems, who testified that she was "very certain" that the male voice in the recording was Appellant. Trial Ct. Op. at 27. (citing N.T. Trial, Vol. I, at 84). The Commonwealth also called Deputy Warden Chris Cain of the Washington County Correctional Facility, who testified that he accessed the recordings of the calls Appellant made between July 28 and August 2, 2022, including the phone call to Ms. Costa. He further testified that Appellant would "have utilized his own unique pin [*sic*] number, and verified himself via voice verification" in order to make a call. *Id.*

On May 18, 2023, the jury found Appellant guilty of the above charges. On September 7, 2023, the court sentenced Appellant to an aggregate term of 12 to 24 years of incarceration. Appellant filed a timely post-sentence motion, which the court denied on December 18, 2023.

**B.**

---

[3] The Commonwealth also introduced a certified Pennsylvania State Police document which indicated that Appellant did not have a firearms license but did not state his disqualifying conviction. Commonwealth's Exhibit C-47.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. The [t]rial [c]ourt erred in allowing the Commonwealth to present evidence that Appellant was ineligible to possess a firearm as evidence of intent, preparation, plan, knowledge or absence of mistake, or any other reason.

II. The [t]rial [c]ourt erred in permitting the Commonwealth to introduce and admit evidence of an argument that occurred prior to the incidents in question. The probative value of this argument is outweighed by the prejudicial effect it had on the jury.

III. The [t]rial [c]ourt erred when it permitted admission of a recorded jail call between Appellant and another individual not connected to the case. This evidence was not authenticated at trial and would therefore by more prejudicial than probative of an [A]ggravated [A]ssault/SBI.

Appellant's Br. at 7.

## C.

Each of Appellant's claims challenge the trial court's evidentiary rulings. "The admissibility of evidence is a matter solely within the discretion of the trial court. This Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs." *Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994). An abuse of discretion is not "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Lehman*, 275 A.3d 513, 518–19 (Pa. Super. 2022), *appeal denied*, 286 A.3d 213 (Pa. 2022) (citation omitted). "Moreover, an erroneous ruling by a trial court on

- 5 -

an evidentiary issue does not necessitate relief where the error was harmless beyond a reasonable doubt." *Id.* (citation omitted).

It is axiomatic that "[o]nly relevant evidence is admissible at trial." *Commonwealth v. Christine*, 125 A.3d 394, 397 (Pa. 2015) (citing Pa.R.E. 402). Evidence is relevant if it tends to make a material fact more or less probable than it would be without the evidence. Pa.R.E. 401. However, even if evidence is relevant, it may be excluded "if its probative value is outweighed by. . .unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

\*

Appellant first claims that the trial court erroneously allowed the Commonwealth to introduce evidence that he was ineligible to possess a firearm as evidence of intent, preparation, plan, knowledge, absence of mistake, "or any other reason." Appellant's Br. at 13. However, before we address the merits of this claim, we must determine whether Appellant has preserved it for our review.

It is axiomatic that "failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." *Commonwealth v. Ramos*, 231 A.3d 955, 957 (Pa. Super. 2020) (citations omitted); *see also* Pa.R.E. 103(a) (providing a party may only claim error regarding admission of evidence if he makes a timely objection on record). Appellant maintains that the court admitted this evidence over his objections at the motion in *limine* hearing and at trial. Appellant's Br. at 15. However, the trial court determined

- 6 -

that Appellant waived this claim because he failed to object either during the Commonwealth's motion in *limine* or during trial. Trial Ct. Op. at 15. Specifically, it noted that Appellant had agreed at the motion in *limine* hearing to the admissibility of evidence of his ineligibility to possess a firearm if the Commonwealth did not reference his disqualifying conviction, and that he did not object during Detective Eberman's testimony at trial. ***Id.*** at 15-16. In his brief, Appellant did not challenge the trial court's determination that he failed to preserve this claim.

We agree with the trial court that Appellant has waived this claim. At the motion in *limine* hearing, Appellant objected only to evidence of his disqualifying conviction, not to evidence of the mere fact that he was ineligible to possess a firearm. ***See*** N.T. Motion, 3/20/23, at 10-11. At trial, Appellant noted his previous objection, which, again, only pertained to evidence of his disqualifying conviction. ***Id.***; N.T. Trial, Vol. II, at 436. The Commonwealth did not introduce any evidence of Appellant's disqualifying conviction; rather, the prosecutor only asked Detective Eberman a "yes or no" question to establish that Appellant was ineligible to possess a firearm. N.T. Trial, Volume I, at 433. Since Appellant had agreed at the hearing on the motion in *limine* to the scope of the evidence that was ultimately introduced at trial, and he failed to object at trial, Appellant has waived this claim.[4]

_____

[4] Appellant also asserts that evidence of his ineligibility to possess a firearm is insufficient to establish specific intent to commit Aggravated Assault and, in
*(Footnote Continued Next Page)*

\*

Appellant next asserts that the court erred when it permitted the Commonwealth to introduce evidence of his altercation with Mr. Wilkerson prior to the shooting because its probative value "is outweighed by the prejudicial effect it had on the jury." Appellant's Br. at 15. Specifically, he maintains that the altercation "does not determine whether the crime of [A]ggravated [A]ssault. . .was more or less probable and committed by" Appellant, and that evidence of the altercation "would mislead the jury and confuse the issues" because the Commonwealth did not establish a connection between the altercation and the shooting. *Id.* at 17.

Before addressing the merits of this claim, we must consider whether Appellant has preserved it for our review. In his Rule 1925(b) Statement, Appellant merely claimed that evidence of the altercation was "more prejudicial than probative." Appellant's Rule 1925(b) Statement, 2/21/24, at 1 (unpaginated). This Statement was too vague to apprise the trial court of his argument that this evidence confused the issues and mislead the jury. Accordingly, this argument is waived. *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (A Rule 1925(b) statement "which is too vague to allow

---

support, cites case law addressing the sufficiency of the evidence to establish intent. *Id.* at 15 (citing *Commonwealth v. Roche*, 783 A.2d 766, 768 (Pa. Super. 2001). This argument does not go to admissibility, and Appellant has not preserved a challenge to the sufficiency of the evidence because he failed to raise it in his Rule 1925(b) Statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement. . . are waived."); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (setting bright-line rule requiring strict compliance with Rule 1925(b) requirements).

the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all."); **Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa. Super. 2015) (finding waiver where appellant's concise statement was too vague to permit review).

Moreover, the trial court determined that this evidence was relevant because it "served to complete the 'story,' [and] ultimately provid[ed] the jury with an explanation as to Appellant's potential motive [and] his intent to commit the shooting[,]" and was not prejudicial because Appellant had not engaged in any criminal or violent behavior during the altercation. Trial Ct. Op. at 22. Accordingly, we discern no abuse of discretion in the trial court's determination that this evidence was admissible, and this claim merits no relief.

\*

Finally, Appellant argues that the trial court erred when it admitted the recording of the prison phone call between him and "another individual not connected to the case[,]" Ms. Costa. Appellant's Br. at 17. Specifically, he maintains that the Commonwealth did not properly authenticate the recording because it failed to verify the identity of the other party to the call.[5] **Id.** at 17-18.

---

[5] Although in the heading for this argument section, Appellant also claims that the phone call recording was also more prejudicial than probative, he does not develop this argument further. Appellant's Br. at 17. Accordingly, it is waived. **See** Pa.R.A.P. 2119(a) (requiring that the argument of an appellant's brief
*(Footnote Continued Next Page)*

It is well-settled that "[a]uthentication generally entails a relatively low burden of proof and requires only, as stated in Rule of Evidence 901, that the proponent 'produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" ***Commonwealth v. Kurtz***, 294 A.3d 509, 527 n.12 (Pa. Super. 2023), *appeal granted*, 2023 WL 7123941 (Pa. Oct. 30, 2023) (citing Pa.R.E. 901(a)). Furthermore, a witness may offer "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker" in order to authenticate a recording of a voice. Pa.R.E. 901(b)(5).

The trial court concluded that this claim lacked merit because the Commonwealth only needed to establish the authenticity of the phone call itself and that it was Appellant who made the relevant statements during the phone call. Trial Ct. Op. at 25. The court determined that the testimony of Ms. Deems and Deputy Warden Cain sufficiently authenticated the phone call—Ms. Deems, who had known Appellant for almost 10 years, was "very certain" that the only male voice on the recording belonged to Appellant, and Deputy Warden Cain testified that Appellant needed to use his unique PIN and verify his voice to make the call. ***Id.*** at 27, 29 (citing N.T. Trial, Volume I, at 84). Accordingly, the court determined that their testimony "render[ed] [Ms.]

---

include discussion and citation of authorities); ***Commonwealth v. Charleston***, 94 A.3d 1012, 1021 (Pa. Super. 2014) (concluding that undeveloped arguments are waived).

Costa's purported need to authenticate the phone call wholly irrelevant." ***Id.*** at 25.

Following our review, we discern no abuse of discretion. The Commonwealth met its low burden to authenticate the phone call recording because Ms. Deems' identification of Appellant's voice was sufficient to establish that Appellant made the relevant statements on the phone call. Additionally, Deputy Warden Cain's testimony supported the authentication by establishing that Appellant needed to use his unique credentials to make phone calls, and that the call to Ms. Costa appeared on Appellant's phone records.

Appellant fails to address the authentication evidence put forth by the Commonwealth and has, thus, failed to inform this Court how the trial court's ruling was an abuse of discretion. Accordingly, this claim lacks merit.

**D.**

Having found each of Appellant's issues either meritless or waived, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/30/2024